**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| SANDRA COLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-04-2566 |
| | § | |
| FRANK'S CASING CREW & RENTAL | § | |
| TOOLS, INC., *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

This case arises out of an employment dispute. Sandra Cole, a Texas resident, sued Frank's Casing Crew and Rental Tools, Inc. ("Frank's Casing") and Frank's International, Inc. in state court, asserting causes of action under Texas law for age discrimination, retaliation, and conspiracy. Defendants timely removed on the basis of diversity jurisdiction. This court denied Cole's motion to remand, finding that Frank's International had been fraudulently joined. (Docket Entry No. 27). Frank's Casing then filed a motion for summary judgment as to all claims. (Docket Entry No. 25). Cole has responded. (Docket Entry No. 39). Frank's Casing has replied and filed objections to Cole's summary judgment evidence. (Docket Entry Nos. 40, 41). Based on a careful review of the motion, response, and reply; the parties' submissions; the pleadings; and the applicable law, this court grants Frank's Casing's motion and, by separate order, enters final judgment in favor of Frank's Casing and Frank's International. The reasons for this decision are stated below.

## I.    Background

Frank's Casing hired Cole as a secretary to the domestic sales manager in December 1998.  (Docket Entry No. 1¶ 6).  At that time, Cole, a woman, was 54 years old.  On September 23, 2003, Cole's manager, Tommy LeBlanc, fired her on behalf of Frank's Casing.  (*Id.* at ¶ 9).  Cole was 59 years old when Frank's Casing terminated her employment.  (*Id.* at ¶ 10).  The termination form stated that Frank's Casing fired Cole because of a "personality conflict with [her] supervisor." (Docket Entry No. 39, Ex. 3).  Cole alleges that Frank's Casing replaced her with Bill Seagroves, a man who was 45 years old when he took the job.  (Docket Entry No. 1, ¶ 10; Docket Entry No. 39, Ex. 5 at 86).

Cole alleges that Frank's Casing improperly based its decision to fire her on age discrimination and retaliation.  As to the latter, Cole contends that Frank's Casing fired her in retaliation for complaints she had made about sexual harassment of some of her co-workers by Frank's Casing employees.  Cole alleges a conspiracy between Frank's Casing and Frank's International to violate her rights.  After exhausting administrative remedies, Cole filed this lawsuit in Texas state court claiming that Frank's Casing violated her rights under the Texas Commission on Human Rights Act, Tex. Lab. Code §§ 21.051, *et seq.* (TCHRA), and asserting a cause of action for civil conspiracy.  Frank's Casing removed to this court, which has jurisdiction under 28 U.S.C. § 1332.

## II.      The Applicable Legal Standards

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).  The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1074 (5th Cir. 1997).  If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmovant cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000).  The nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial. *See id.* The nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Webb v. Cardiothoracic Surgery Assocs.*, 139 F.3d 532, 536 (5th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)).  "The mere existence of a scintilla of evidence in support of the plaintiff's position

will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986).

In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the nonmovant. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002); *Anderson*, 477 U.S. at 255. "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 322).

If the plaintiff produces only circumstantial evidence of discrimination, the plaintiff may prove age discrimination using the framework established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). First, the plaintiff must make a *prima facie* showing of discrimination. *Russell*, 235 F.3d at 222; *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999). The elements of the *prima facie* age discrimination case are that the plaintiff:  (1) belonged to the protected class; (2) held the qualifications for the position sought; (3) suffered an adverse employment action; and (4) was either (a) replaced by another person outside of the protected class, (b) replaced by someone significantly younger, or (c) otherwise discriminated against because of her age. *McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 462  (5th Cir. 2005)  (footnotes and citations omitted).  The presentation of a *prima facie* case creates a presumption that the employer unlawfully

discriminated against the plaintiff.  *Bauer*, 169 F.3d at 966.  The defendant must then respond with a legitimate, nondiscriminatory reason for the challenged employment decision. *Russell*, 235 F.3d at 222; *Bauer*, 169 F.3d at 966.  "This burden on the employer is one only of production, not persuasion, involving no credibility assessments."  *Russell*, 235 F.3d at 219; *see Bauer*, 169 F.3d at 966 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993)) ("The defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, *'if believed by the trier of fact,'* would support a finding that unlawful discrimination was not the cause of the employment action.").  If the defendant meets its burden, the presumption of discrimination created by the *prima facie* case disappears, and the plaintiff is left with the ultimate burden of proving discrimination.  *Hicks*, 509 U.S. at 511–12.

The plaintiff may meet its ultimate burden with evidence tending to show that the reason offered by the defendant is a pretext for discrimination.  *McDonnell Douglas*, 411 U.S. at 804.  Evidence demonstrating the falsity of the defendant's explanation, taken together with the *prima facie* case, is likely to support an inference of discrimination even without further evidence of defendant's true motive.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147–48 (2000).  The plaintiff can survive summary judgment by producing evidence that creates a jury issue as to the employer's discriminatory animus or the falsity of the employer's legitimate nondiscriminatory explanation.  *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896–97 (5th Cir. 2003); *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001).  If the plaintiff fails to produce substantial evidence of

pretext, or produces evidence permitting only an indisputably tenuous inference of pretext, summary judgment in favor of the defendant is appropriate. *See West v. Nabors Drilling USA, Inc*., 330 F.3d 379, 385 (5th Cir. 2003); *Sandstad,* 309 F.3d at 894.

A plaintiff may raise a fact issue as to pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence." *West*, 330 F.3d at 385; *Reeves*, 530 U.S. at 143.  An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action. *See Sandstad*, 309 F.3d at 899.  Evidence that the employer's explanation is false or unworthy of credence, taken together with the plaintiff's *prima facie* case, is likely to support an inference of discrimination even without further evidence of defendant's true motive. *Id.* at 897; *Russell*, 235 F.3d at 223.  No further evidence of discriminatory animus is required because "once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation. . . ." *Reeves*, 530 U.S. at 147–48.  The "rare" instances in which a showing of pretext is insufficient to establish discrimination are when the record conclusively reveals some other, nondiscriminatory reason for the employer's decision, or when the plaintiff creates only a weak issue of fact as to whether the employer's reason was untrue, and there was abundant and uncontroverted evidence that no discrimination occurred. *See Russell*, 235 F.3d at 223 (citing *Reeves*, 530 U.S. at 148); *Rubinstein v. Adm'rs of Tulane Educ. Fund*, 218 F.3d 392, 400 (5th Cir. 2000).

The Texas legislature intended the provisions of the TCHRA prohibiting age discrimination to be interpreted in the same way as claims under the federal counterpart, the

6

Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA).  *See Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003).  A plaintiff alleging age discrimination in violation of the ADEA may prove her claim through direct or circumstantial evidence, or both.  *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000); *Woodhouse v. Magnolia Hosp.*, 92 F.3d 248, 252 (5th Cir. 1996).  Direct evidence is evidence that "if believed, proves the fact of intentional discrimination without inference or presumption."  *Woodhouse*, 92 F.3d at 252.  If the plaintiff produces direct evidence that discriminatory animus played a role in the decision at issue, the burden of persuasion shifts to the defendant, who must prove that it would have taken the same action regardless of discriminatory animus.  *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252–53 (1989); *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).  The evidence a plaintiff produces must be "sufficient for a jury to conclude, by a preponderance of the evidence, that [age] was a motivating factor for any employment practice."  *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101 (2003) (internal quotations omitted).

Similarly, the provisions of the TCHRA governing sexual discrimination and harassment are patterned after Title VII of the federal Civil Rights Act.  *See Quantum Chem. Corp. v. Toennis*, 47 S.W.3d 473, 474 (Tex. 2001).  Except in those cases in which the Supreme Court of Texas has interpreted the TCHRA differently, Texas courts look to federal precedent in interpreting TCHRA claims.  *Id.*  Under Title VII, a plaintiff establishes a *prima facie* case for unlawful retaliation by proving that: (1) he engaged in activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link existed between

the protected activity and the adverse employment action.  *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002) (citing *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001)); *Long*, 88 F.3d at 304; *McMillan*, 710 F.2d at 1116.   The causal link required by the third prong of the *prima facie* case does not rise to the level of a "but for" standard.  *Raggs*, 278 F.3d at 471.  "The plaintiff 'need not prove that her protected activity was the sole factor motivating the employer's challenged decision in order to establish the 'causal link' element of a *prima facie* case.'"  *Gee v. Principi,* 289 F.3d 342, 345 (5th Cir. 2002) (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996) (additional citations omitted)); *accord Toennies*, 47 S.W.3d at 479–80.  If the plaintiff presents evidence supporting the *prima facie* case with evidence that the reasons given by the employer for the adverse employment action were pretextual, a jury may infer the existence of retaliation.

A civil conspiracy is defined as "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result."  *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005) (citing *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) (additional citations omitted).  "It is not the agreement itself, but an injury to the plaintiff resulting from an act done pursuant to the common purpose that gives rise to the cause of action."  *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1980) (citing *Great Nat'l Life Ins. Co. v. Chapa*, 377 S.W.2d 632, 635 (Tex. 1964)).

## III.   The Summary Judgment Record

Frank's Casing has raised several objections to Cole's proffered summary judgment

evidence.  (Docket Entry No. 40).  Frank's Casing asks this court to strike several portions of Cole's affidavit on the basis of lack of personal knowledge, speculation, relevance, hearsay, and as conclusory statements of fact and law offered without factual support. Frank's Casing further contends that parts of the affidavit contradict Cole's deposition testimony without explanation.

Rule 56(e) of the Federal Rules of Civil Procedure, with the Federal Rules of Evidence, govern the submission of evidence, including affidavits, in a summary judgment motion.  *See, e.g.*, *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 544 n.13 (5th Cir. 2002) (reviewing the district court's application of FED. R. CIV. P. 56(e) and the rules of evidence in ruling on a summary judgment motion).   Rule 56(e) provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Under Federal Rule of Evidence 602, a witness's testimony may not be considered unless it is based on personal knowledge.  *See Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992).  The rules governing hearsay also apply.  *See* FED. R. CIV. P. 56(e); FED. R. EVID. 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.").

A court considering a summary judgment motion may disregard a nonmovant's affidavit that contradicts, without explanation, previous deposition testimony.  *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996); *Thurman v. Sears, Roebuck &*

*Co.*, 952 F.2d 128, 136 n.23 (5th Cir. 1992); *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991); *Pyramid Sec. Ltd. v. IB Resolution, Inc.*, 924 F.2d 1114, 1123 (D.C. Cir. 1991); *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984); *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361,1364–66 (8th Cir. 1983); *Mahan v. Boston Water & Sewer Comm'n*, 179 F.R.D. 49, 52–53 (D. Mass. 1998) (citing cases); *Bowser v. McDonald's Corp.*, 714 F. Supp. 839, 843 (S.D. Tex. 1989); *cf. Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893–94 (5th Cir. 1980).  "[I]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgement as a procedure for screening out sham issues of fact."  *Kennedy*, 952 F.2d at 266 (quoting *Foster v. Arcata Assocs.*, 772 F.2d 1453, 1462 (9th Cir. 1985)).  "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."  *Bank of Illinois v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168–72 (7th Cir. 1995) (quoting *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984)).  Several courts have applied this rule to disregard deposition testimony that contradicts prior sworn testimony without a satisfactory explanation.  *See Allied Signal*, 75 F.3d at 1168–72 ; *Essick v. Yellow Freight Sys., Inc.*, 965 F.2d 334, 335 (7th Cir. 1992).

   In unnumbered paragraph three of her affidavit, Cole makes statements about her job responsibilities that conflict with her deposition testimony.  In Cole's affidavit, she states that

her job responsibilities extended well beyond serving as Tommy LeBlanc's assistant or secretary. (Docket Entry No. 39, Ex. 1 ¶ 3). In her deposition, Cole testified that her primary job responsibility was working for Tommy LeBlanc. (Docket Entry No. 40, Ex. 1 at 177–78). Cole does not explain this discrepancy. Unnumbered paragraph three of her affidavit is stricken. *Cf. Copeland v. Wasserstein, Parella & Co., Inc.*, 278 F.3d 472, 482 (5th Cir. 2002).

In unnumbered paragraph four of her affidavit, Cole testifies that Frank's Casing replaced her with Bill Seagroves. (Docket Entry No. 39, Ex. 1 ¶ 4). This statement is beyond her personal knowledge; as an employee of Frank's Casing, Cole did not make personnel decisions and was not in a position to know about the basis for those decisions. Cole asserts that in the two months before she left and Seagroves began work in the same physical location she did, he took over certain aspects of her job, specifically responsibility for bid files and spread sheets showing drilling activities of oil companies in the Houston area. Cole testified in her deposition that figuring bids was never part of her job and if it was Bill Seagroves's job, it was "an added thing." (Docket Entry No. 40, Ex. 1, at 76). Cole also testified in her deposition that she did not know what Seagroves did at Frank's Casing. (*Id.*). Docket Entry No. 40, Ex. 1 at 76). Cole testified that another secretary told her Seagroves had replaced her. (*Id.*). This inadmissible hearsay highlights the problem with Cole's affidavit statement about the relationship of her job and what Bill Seagroves did; she lacks personal knowledge. *Cf. Cormier*, 969 F.2d at 1561. Cole's statement that "she was replaced in [her] position by Bill Seagroves," located in unnumbered paragraph four of her

affidavit, is stricken.

In unnumbered paragraph five of her affidavit, Cole stated that Seagroves "worked at [her] desk" after Cole left Frank's Casing.  (Docket Entry No. 39, Ex. 1 ¶ 5).  Frank's Casing objects on the grounds that this statement is beyond Cole's personal knowledge and irrelevant.  The objection is sustained on both grounds.  Cole testified that she had not been to Frank's Casing following her job termination.  (Docket Entry No. 40, Ex. 1 at 67, 69).  Cole testified that she heard from another secretary that Seagroves was sitting in her desk.  (*Id.*).  A flawed affidavit cannot be remedied through the use of hearsay.  FED. R. EVID. 802; *Cormier*, 969 F.2d at 1561.   Moreover, whether Frank's Casing allowed Seagroves to use Cole's desk – or whether, as Cole also testified, she telephoned her former number a week after she was fired and reached Seagroves's voicemail – is not relevant to the question of whether Frank's Casing *replaced* Cole with Seagroves. *See* FED. R. EVID. 402.   This statement is stricken.

In unnumbered paragraphs six and seven of her affidavit, Cole makes several uncorroborated assertions that she witnessed sexual harassment of other Frank's Casing employees.  (Docket Entry No. 39, Ex. 1 ¶¶ 6–7).  In her deposition testimony, Cole limited her accusations to a single employee, Keith Mosing.  (Docket Entry No. 40, Ex. 1 at 54).  The affidavit testimony about employees (specific and unspecific) beyond Mosing conflicts with Cole's deposition testimony, and no explanation for the conflict is provided.  That testimony is stricken.

Additionally, Cole's affidavit statement that Jenny Smith had told Cole that Smith had

"told Mosing to 'stop doing stuff or he was going to get us in trouble'" is inadmissible hearsay. FED. R. EVID. 801, 802. The statement Smith allegedly made to Mosing could be a party admission under FED. R. EVID. 801(d)(2)(A), and a statement by a supervisor about a matter within the scope of her agency under Rule 801(d)(2)(D), and not hearsay. But Cole's affidavit testimony about what Smith said to her about what Smith had told Mosing presents a "double hearsay" problem. Under the federal rules, "[h]earsay within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." FED. R. EVID. 805; *see United States v. Pendas-Martinez*, 845 F.2d 938, 942–43 (11th Cir. 1988) (both levels of hearsay must be excepted from the hearsay rule). The hearsay problem rests in Cole's description of the statement by Smith to Cole, because it is unclear that the statement was made within the scope of Smith's authority at the company. *See Breneman*, 799 F.2d at 473 (statements not within scope of employment when declarants relating what decision maker said were not involved in the company's discharge of plaintiff); *Howley v. Town of Stratford*, 217 F.3d 141 (2d Cir. 2000) (testimony by plaintiff that other firefighters told her of statements by supervisor was inadmissible to prove that the supervisor actually made the statements); *Shepley v. E.I. DuPont De Nemours and Co.*, 722 F. Supp. 506, 515 (C.D. Ill. 1989); *cf. Bevan v. Honeywell, Inc.*, 118 F.3d 603, 610–11 (8th Cir. 1997) (statement by plaintiff's immediate supervisor relating what supervisor with greater authority had said regarding relevant employment decision was within scope of immediate supervisor's employment); *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1215–16 (3d Cir. 1995) (holding that plaintiff's

co-worker could testify to what supervisor had said to him regarding "criteria utilized by management in making decisions on hiring, firing, compensation, and the like") (no double hearsay issue because the co-worker himself, rather than plaintiff, was offering testimony). *Compare Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1238 n.1 (2d Cir. 1995) (statements of intermediate supervisors relating statement of superior with decision-making authority were within scope of employment when one of the intermediate supervisors had been instructed to fire the plaintiff and the other was plaintiff's immediate supervisor who reported to superior on plaintiff's performance and status); *Zaken v. Boerer,* 964 F.2d 1319, 1323 (2d Cir. 1992) (statement by supervisor who "had ostensible authority over and took part in personnel decisions regarding hiring and firing of sales staff" was within scope of employment, and was admissible when testified to by non-plaintiff employee who heard the statement first hand) (no double hearsay issue).

Cole's testimony that Smith said that she had made a specific statement to Mosing is offered for its truth. Smith was the human resources manager – and Cole's friend – when she allegedly told Cole of the statement she had made to Mosing. It is unclear that Smith was acting within the scope of her employment when she made the statement to Cole about the statement she had made to Mosing. *See Jacklyn*, 176 F.3d at 928 ("While plaintiff could have relied on the 'skirts' comment if Grew was willing to testify that he heard Erlandson say it, it is not admissible through the affidavit or testimony of plaintiff."); *Abrams*, 50 F.3d at 1215-16; *Zaken,* 964 F.2d at 1323; *Rojas v. Florida*, 285 F.3d 1339, 1343 (11th Cir. 2002). Both statements are stricken, but the record is also analyzed with those statements

included.

In unnumbered paragraph eight of her affidavit, Cole states that "[s]hortly after [she] complained to Jenny Smith, her attitude and Mosing's attitude toward me changed. They suddenly became distant toward me and I was not invited to any lunches thereafter." (Docket Entry No. 39, Ex. 1 ¶ 8). This affidavit testimony contradicts Cole's deposition, in which she stated that she decided herself to stop going to lunch with the other workers. (Docket Entry No. 40 at 130, 139). Additionally, in Cole's deposition, she stated that only Mosing changed his attitude toward Cole, not Smith. (Docket Entry No. 40, Ex. 1 at 179). Cole has not explained these contradictions. These statements are stricken. *Cf. S.W.S. Erectors, Inc.*, 72 F.3d at 495.

## IV.    The Summary Judgment Arguments

Frank's Casing asserts that Cole has failed to create an issue of triable fact on one or more elements of each asserted cause of action. Each claim is addressed in turn.

### A.    The Age Discrimination Claim

Frank's Casing argues that Cole has not produced competent summary judgment evidence to support the fourth part of the *prima facie* case of age discrimination – that Frank's Casing replaced Cole with a person who is not a member of the protected class, or with someone significantly younger. *Cf. Pegram v. Honeywell*, 361 F.3d 272, 281 (5th Cir. 2004). Cole responds that a plaintiff bringing an age discrimination claim under the TCHRA need not put forward evidence sufficient to demonstrate a *prima facie* case of age discrimination to survive summary judgment. Alternatively, Cole argues that Frank's Casing

replaced her with Bill Seagroves, who, despite being age 45 when he would have replaced Cole, was sufficiently younger than Cole to permit an inference of discrimination.

Cole cites *Texas Department of Human Services of the State of Texas v. Hinds*, 904 S.W.2d 629 (Tex. 1995), in support of her claim that a plaintiff alleging age discrimination under the TCHRA need not make out a *prima facie* case. That case involved the Texas Whistleblower Act, not the TCHRA. Although the court cited the TCHRA in passing, the court's analysis in *Hinds* focused on the appropriate causation standard under the Texas Whistleblower Act. 904 S.W.2d at 634. The court concluded that a plaintiff bringing a Texas Whistleblower claim could rely on a mixed motive theory of causation. The TCHRA allows such a theory as well. *See, e.g.*, *Toennis*, 47 S.W.3d at 476–77. However, nothing about *Hinds* or any other case negates the *prima facie* requirement. *See, e.g.*, *id.* at 477 ("Initially, the complainant must establish a *prima facie* case of discrimination.").

The summary judgment record does not raise a disputed fact issue material to determining whether Frank's Casing replaced Cole with someone outside the protected class or someone significantly younger. First, Frank's Casing has presented competent summary judgment evidence that after Cole was fired, no one replaced her. Instead, LeBlanc handled many of his own administrative tasks and occasionally relied on other secretaries and "floaters" to support his work. (Docket Entry No. 39, Ex. 5 at 69–70, 108). Cole has not identified or presented competent summary judgment evidence to support her claim that anyone replaced her at all. Cole's affidavit testimony on this point has been stricken under FED. R. CIV. P. 56(e) and FED. R. EVID. 602 because she lacks personal knowledge and the

other evidence in the record does not support an inference that Bill Seagroves replaced Cole as secretary to the domestic sales manager.  Frank's Casing has introduced summary judgment evidence that it did not replace Cole with anyone, which Cole did not controvert with competent summary judgment evidence.  (*See* Docket Entry No. 39, Ex. 5 at 69–70). Cole cannot sustain her *prima facie* burden.

Even assuming that Cole had satisfied the requirements of a *prima facie* case of age discrimination, Frank's Casing has met its burden of showing that the company fired Cole for a legitimate, nondiscriminatory reason. *Russell*, 235 F.3d at 222; *Bauer*, 169 F.3d at 966. Frank's Casing cited a "personality conflict" between Cole and LeBlanc as the reason for firing Cole.  (Docket Entry No. 39, Ex. 3).  In his deposition, LeBlanc expanded on this rationale in detail.  LeBlanc explained that cited numerous incidents in which Cole failed to meet LeBlanc's expectations for her job performance.  LeBlanc testified that Cole failed to provide the administrative support he required; that she instead spent time helping the sales team, over which LeBlanc had supervisory authority, against LeBlanc's wishes; and that she failed to meet basic expectations, including a failure to give LeBlanc a phone message from the CEO of the company.  (Docket Entry No. 39, Ex. 5).  LeBlanc verbally counseled Cole about these problems on several occasions over an extended period and decided to fire her only after he concluded that the problems could not be remedied. (*Id.*).  Cole has not disputed that she received criticism from LeBlanc about the way she performed her job.  Cole has not disputed that LeBlanc found her job performance deficient in several respects, including Cole's failure to provide LeBlanc his messages and her attention to helping the sales staff

LeBlanc supervised, which LeBlanc did not view as her job.  (*Id.*).  The record does not raise a fact issue as to whether the stated reasons for firing Cole were a pretext for age discrimination.  Even assuming Cole met her initial burden for her age discrimination, she has failed to create an issue of triable fact material to determining whether Frank's Casing's stated reason for her job termination was pretextual.[1]

Summary judgment in Frank's Casing's favor is appropriate on the age discrimination claim.

### B.    The Retaliation Claim

Frank's Casing argues that Cole cannot support the first or third elements of the *prima facie* case of retaliation – that Cole engaged in protected activity and that a causal connection existed between the protected activity and the adverse employment action.  *See, e.g.*, *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 475 (5th Cir. 2003); *Prinicipi*, 289 F.3d at 345.  Cole responds that she introduced sufficient evidence to carry her *prima facie* burden.

Cole points to the following summary judgment evidence to support her claim that she engaged in protected activity.  In her affidavit, Cole contends that, after witnessing sexual harassment by Frank's Casing employee Keith Mosing, Vice-President and CFO of Frank's Casing, she complained to the Human Resources Manager, Jenny Smith.  (Docket Entry No.

---

[1]

Because Cole fails to meet the elements of a *prima facie* case and cannot raise a fact issue on necessary elements of a discriminatory discharge claim for two separate reasons, this court need not address Cole's alternative claim that Seagroves was "significantly younger" than Cole for the purpose of a TCHRA/ADEA claim.  *Cf. McClaren*, 420 F.3d at 462.

39, Ex. 1 ¶¶ 7–9).  After complaining to Smith, Cole alleges that Smith and Mosing stopped inviting her to lunch.  (*Id.* at ¶ 9).  Cole claims that Mosing played a role in deciding to fire her.  Cole points to the fact that she did not receive progressive discipline before she was fired as evidence of retaliation.

When asked whether Mosing played a role in Cole's firing, LeBlanc responded, "No. The only involvement he had is when I went and told him that I could not work with her another day, I had enough.  And he just told me, 'Do what you need to do.  I will support you.'"  (Docket Entry No. 39, Ex. 5 at 55).  Nothing in this statement supports Cole's allegation that Mosing contributed to, much less spearheaded, LeBlanc's decision to fire Cole.  The uncontroverted summary judgment evidence supports Frank's Casing's position that LeBlanc alone made that decision.  (*Id.* at 59).

In her affidavit, Cole described incidents of sexual harassment of other employees that she witnessed.[2]  (Docket Entry No. 39, Ex. 1 ¶¶ 6–7).  However, Cole's affidavit testimony in which she describes what happened after she "complained" has been stricken as inadmissible.[3]  Even assuming that this evidence was admissible, Cole still fails to raise a fact

---

[2]

Cole's affidavit includes her recollection of sexually graphic comments that she apparently heard Mosing make to others, primarily at lunches that Cole also attended, and a statement  that she saw Mosing inappropriately touch two female Frank's Casing employees, Jenny Smith and Cynthia Triffillio.  In the affidavit, Cole also states that other employees of Frank's Casing upper management team also engaged in sexual harassment, although none is identified.  (Docket Entry No. 39, Ex. 1 ¶¶ 6–8).

[3]

Cole's affidavit statement that Jenny Smith replied that Smith "told Mosing to 'stop doing stuff or he was going to get us in trouble'" is inadmissible hearsay.  FED. R. EVID. 802.  Moreover, nothing about the statement supports Cole's claim that Mosing played a role in the termination decision, or that Cole's statement constituted Title VII-protected activity.  Cole's deposition testimony also contradicts her assertion that Smith and Mosing had a change in attitude toward her after she complained about the activity.  In Cole's

issue as to whether she engaged in protected activity.  Cole did not make a formal internal complaint of sexual harassment.  Cole did not even make an informal internal complaint to an individual within the company who did not already know the information. The only evidence that Cole complained about instances of sexual harassment is that she made a statement to Smith a year before she was fired that some other employees, including Smith, had been harassed.  (Docket Entry No. 39, Ex. 1 ¶ 8).  Cole testified in her deposition that "Jenny [Smith] was present at every single luncheon" where virtually all the alleged instances of inappropriate sexual remarks or behavior by Mosing had occurred.  (Docket Entry No. 40, Ex. at 139).  The only complaint Cole made was to an individual who already knew of the problem and, according to Cole, had already warned the offender to stop.  (*Id.*).

Assuming that this evidence created a triable issue of fact material to determining whether Cole engaged in protected TCHRA activity, she has failed to raise such an issue as to her claim that a causal link existed between her allegedly protected activity and her job termination.  Cole alleges that Mosing wanted her fired because of her complaint to Smith about his sexually inappropriate behavior to Smith and other female employees.  Cole correctly points out that she can prevail on this claim under a "mixed motive" theory, but the summary judgment record does not support an inference of a link between her allegedly protected activities and Frank's Casing's decision to terminate her employment.  Cole

---

deposition, she testified that it was her decision to stop going to lunch with the other workers; in her affidavit, she asserts that Mosing and Smith stopped going to lunch with her.  (Docket Entry No. 40, Ex. 1 at 130, 139).

testified that she made a single verbal complaint to Smith about alleged harassment and that she was fired approximately one year later.  (Docket Entry No. 39, Ex. 1 ¶ 8).  Cole relies on affidavit testimony that after this alleged complaint, Smith and Mosing stopped inviting her to lunch.  (*Id.*).  This testimony has been stricken because it conflicts, without explanation, with Cole's deposition testimony that it was Cole who no longer wanted to go to employee lunches.  (Docket Entry No. 40 at 130, 139); *cf. Copeland*, 278 F.3d at 482.  The only other evidence to support Cole's causation claim is that  her relationship with Smith and Mosing became "tense" after her alleged complaint.  (Docket Entry No. 39, Ex. 1 ¶ 8).  This testimony has been stricken because it conflicts with her deposition testimony that only Mosing changed his attitude after the alleged complaint.  Even if this testimony were admissible, however, this allegation, without more, fails to raise a fact issue as to whether Frank's Casing fired Cole because she allegedly complained to Smith about sexually inappropriate behavior and comments by Mosing.  The only complaint that Cole made was to Smith, who already knew of the problem Cole reported, and this complaint was made a year before Cole was fired.[4]  Summary judgment in Frank's Casing's favor is warranted on

---

[4]

This court does not draw a negative inference against Cole simply because a significant amount of time lapsed between the allegedly protected activity and the adverse employment action.  *See Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 417 n.9 (5th Cir. 2003) ("[W]hile timing can sometimes be a relevant factor in determining whether a causal connection exists where the timing between a protected activity and an adverse employment action is suspiciously proximate, the contrapositive inference does not necessarily follow.") (internal citations and quotations omitted).  However, unlike cases such as *Fabela*, because Cole has introduced *neither* suspicious timing between the allegedly protected activity and the termination *nor* any other evidence that would permit an inference of causation, summary judgment is appropriate.  *Cf. Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471–72 (5th Cir. 2002) (affirming award of summary judgment to the employer because the plaintiff produced no evidence to support an inference of causation beyond the fact that the employer terminated the plaintiff five months after the plaintiff engaged in protected activity)*;*

the retaliation claim.[5]

### C.    The Civil Conspiracy Claim

Frank's Casing contends that Cole has introduced no evidence of:  (1) a common object or purpose to be accomplished between Frank's Casing and Frank's International; (2) a meeting of the minds between the two entities; or (3) any damages proximately caused by any purported acts by the two entities.  Cole has not responded to this aspect of the summary judgment motion.

After a complete review of the record, this court agrees with Frank's Casing's claim on this cause of action.  Cole has introduced no evidence to support any of the three elements of civil conspiracy cited by Frank's Casing.  Summary judgment in Frank's Casing's favor is appropriate on the civil conspiracy claim.

---

*Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 408–10 (5th Cir. 1999) (holding that a fact issue existed as to causation based on evidence that the employee, after receiving positive evaluations for four years, received a negative evaluation of dubious distinction on the same day in which she engaged in protected activity, and in which the record contained numerous statements from other employees that the plaintiff's job would be in jeopardy if she engaged in protected activity); *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 n.3 (5th Cir. 1997) ("[T]he mere fact that some adverse action is taken *after* an employee engaged in some protected activity will not *always* be enough for a *prima facie* case.") (emphasis in original).

[5]

Cole's argument that Frank's Casing failed to subject her to progressive discipline is legally irrelevant to this inquiry because there is no evidence in the summary judgment record that Frank's Casing required such steps and because there is undisputed evidence in the record that Cole received repeated verbal counseling and reprimands.  (Docket Entry No. 39, Ex. 5 at 57, 85, 103); *contra Valmont Indus., Inc. v. N.L.R.B.*, 244 F.3d 454, 472 (5th Cir. 2001) (citing *Marshall Durbin Poultry Co. v. N.L.R.B.*, 39 F.3d 1312 (5th Cir. 1994), and noting that departure from a progressive discipline program may, with additional evidence, support an inference of pretext or animus).

**V.      Conclusion**

Frank's Casing's motion for summary judgment is granted.  This court will enter final judgment in favor of Frank's Casing and Frank's International by separate order.

SIGNED on October 17, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge